UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

DAVID LOPEZ

Plaintiff,

v.

CE SOLUTIONS GROUP, LLC, CE SOLUTIONS, INC., CE FLAGGING PLUS CORP., CE RESERVE CORP., ARGANI, INC., HASSAN SABLINI, and JEANNINE NAPOLEONE-COLBERT,

Defendants.

---------------------------------------- x

Case No.:

JURY DEMAND

**INTRODUCTION**

1. Plaintiff David Lopez brings this action against his employer, Defendant CE Solutions Group, LLC (referred to herein as "CE Solutions" or "Defendant") for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq*. ("FLSA") and unpaid overtime, prevailing wage and benefits pursuant to the New York Labor Law ("NYLL"), Article 6, §§ 190, Article 8, § 220, and Article 19, §§ 650 *et seq*., the supporting New York State Department of Labor Regulations.

2. Plaintiff brings this case as an individual action under the FLSA, and an individual action under the NYLL. Plaintiff worked as flag person ("Flagger") for Defendant CE Solutions on private and public works construction projects in New York City and Westchester County. Defendant improperly classified Plaintiff as exempt independent contractor, when, in fact, he was treated in all material respects as employee of CE Solutions. Defendant failed to pay Plaintiff overtime wages at time and a half for all hours worked over 40 hours per week. Defendant also failed to pay Flaggers the prevailing wage rates required by public works contracts, including such contracts with the City of New York and Westchester County.

3. CE Solutions is a collection of companies, including, but not limited to, CE

Solutions Group, LLC, CE Solutions, Inc., CE Flagging Plus Corp, CE Reserve Corp., and Argani, Inc. CE Solutions specializes in providing Flaggers and traffic equipment at jobsites operated by Con Edison on or near roadways (including interstate roadways) in New York City and Westchester County.

4. As a matter of economic reality, CE Solutions is the employer of Plaintiff and is required to pay him the applicable prevailing wages and otherwise ensure the Plaintiff was paid no less than 1.5 times his hourly rate of pay for all hours worked in excess of forty (40) hours per week in accordance with state and federal law.

**JURISDICTION & VENUE**

5. Jurisdiction in this case is based on 28 U.S.C. §§ 1331, 1332 and/or 1337. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Jurisdiction over the state law claim is pursuant to 28 U.S.C. §1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant is authorized to conduct business and has conducted substantial business in this District, has intentionally availed itself of the laws within this District, and is subject to personal jurisdiction in this District.

**PARTIES**

7. Plaintiff David Lopez is a citizen of New York State and resides in New Rochelle, New York. From July 2020, through the present, Plaintiff has worked as a Flagger for CE Solutions and has received his paychecks from CE Solutions. Plaintiff has been misclassified by CE Solutions as an exempt, independent contractor. Plaintiff has not been paid

the applicable prevailing wages for his work on the public projects that CE Solutions has obtained with New York City and Westchester County and has not been paid overtime wages of time and a half for any of the work he has performed for CE Solutions in excess of forty (40) hours per week.

8. Defendant CE Solutions Group, LLC ("CE Solutions Group") is a domestic corporation that maintains its headquarters at 159 Columbia Street, Brooklyn, New York 11231. At all relevant times, CE Solutions Group controlled and directed the terms of employment and compensation of Plaintiff. At all times relevant and on information and belief, CE Solutions Group has had an annual gross volume of sales in excess of $500,000.00. At all times relevant, CE Solutions Group has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce. CE Solutions Group is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff.

9. Defendant CE Solutions, Inc. ("CES") is a domestic corporation with its principal place of business located at 259 Columbia Street, Brooklyn, New York 11231. At all relevant times, CES controlled and directed the terms of employment and compensation of Plaintiff. At all times relevant, and on information and belief, CES has had an annual gross volume of sales in excess of $500,000.00. At all times relevant, CES has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce. CES is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff.

10. Defendant CE Flagging Plus Corp. ("CEFP") is a domestic corporation with its principal place of business located at 30 Jake Court, Staten Island, New York 10304. At all relevant times, CEFP controlled and directed the terms of employment and compensation of Plaintiff. At all times relevant, and on information and belief, CEFP has had an annual gross volume of sales in excess of $500,000.00.

At all times relevant, CEFP has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce. CEFP is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff.

11. Defendant CE Reserve Corp. ("CER") is a domestic corporation with its principal place of business located at 3007 43rd Street, Astoria, New York 11103. At all relevant times, CER controlled and directed the terms of employment and compensation of Plaintiff. At all times relevant, and on information and belief, CER has had an annual gross volume of sales in excess of $500,000.00. At all times relevant, CER has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce. CER is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff.

12. Defendant Argani, Inc. ("Argani") is a domestic corporation with its principal place of business located at 30 Jake Court, Staten Island, New York 10304. At all relevant times, Argani controlled and directed the terms of employment and compensation of Plaintiff. At all times relevant, and on information and belief, Argani has had an annual gross volume of sales in excess of $500,000.00. At all times relevant, Argani has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce. Argani is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff.

13. Defendant Hassan Sablini ("Sablini") is a resident of New York City who owns and operates CE Solutions. At all relevant times, Sablini controlled and directed the terms of employment and compensation of Plaintiff. At all times relevant, and on information and belief, Sablini has had an annual gross volume of sales in excess of $500,000.00.

At all times relevant, Sablini has employed more than two employees, and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce. Argani is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff.

14. Defendant Jeannine Napoleone-Colbert ("Napoleone-Colbert") is a resident of Brooklyn, New York. At all relevant times, Napoleone-Colbert managed and operated CE Solutions and was an "employer" of Plaintiff. Napoleone-Colbert directed and controlled the terms of employment and compensation of Plaintiff, including hiring, firing, and controlling the work schedule and payroll.

15. Defendants CE Solutions Group, CES, CEFP, CER, Argani, Sablini and Napoleone-Colbert are collectively referred to herein as "CE Solutions" or Defendant.

**FACTUAL ALLEGATIONS**

16. Plaintiff has worked as Flagger for CE Solutions in New York and is paid a flat rate at the minimum hourly wage (currently $16 per hour) for all hours worked.

**Flaggers Are Laborers Who Ensure Public Safety**

17. CE Solutions assigns Plaintiff to work as a Flagger at Con Edison construction sites on public and private projects. Flaggers are essential to make sure that traffic keeps flowing around construction sites and to protect the general public from potential workplace hazards caused by the construction.

18. New York State has standard rules and regulations governing flagging practices and procedures. Flaggers are used in construction operations to provide traffic control whenever potential hazards may be present. A Flagger's main responsibility is to protect the safety of workers and the general public, deal with emergency vehicles, and follow standard flagging practices and procedures. Flaggers provide safe passage of traffic through construction work zones

and minimize risk to the general public by using standard flagging procedures, including flags, signs, cones, and other devices to alert drivers, pedestrians, and other traffic to upcoming changes in traffic flow caused by construction.

19. Flagging is a physically demanding job that requires workers to be on their feet for long periods of time in all weather conditions. Flagging is also dangerous because workers are exposed to high-speed traffic and heavy equipment.

20. Flagger positions typically require only a high school diploma or GED equivalent. CE Solutions provided Plaintiff with the necessary on-the-job training, certification and standardized equipment.

**The Flaggers' Work Schedule and Rate of Pay**

21. At all relevant times, Plaintiff routinely has been required to work twelve (12) hour days, five days per week, for a total of sixty (60) hours per week. CE Solutions compensates Plaintiff at a flat rate of $16.00 per hour for all hours worked in each week. CE Solutions failed to pay Plaintiff overtime wages at time and a half (or the prevailing wage to which he was entitled) for hours worked in excess of forty (40) hours per week.

22. For a period of two months, Plaintiff was required to work sixteen (16) hours per day, five days per week, for a total of eighty (80) hours per week. Plaintiff was not paid overtime wages at time and a half for all hours worked in excess of forty (40) hours per week. There have been other periods during his tenure with CE Solutions where Plaintiff was required to, and did, work sixteen (16) hour shifts, five days per week, for a total of eighty (80) hours per week without receiving overtime pay at time and a half.

23. Throughout Plaintiff's employment as a Flagger with CE Solutions, more than twenty-five percent of his job duties have been physical tasks, including, but not limited to, setting up barricades and roadblocks, directing traffic, directing construction equipment on and off the job sites, and other assisting with whatever labor was required on the job site.

24. Plaintiff is entitled to applicable prevailing wages because he is a laborer within the meaning of NYLL Article 8, § 220. In this regard, Plaintiff working for CE Solutions is positioned either on or adjacent to the construction work sites in order to protect the public from the dangers of the worksite (by directing the flow of pedestrian and vehicle traffic), direct the movement of construction workers with the vehicle traffic, direct the movement of construction equipment around the job site and also assist in setting up barriers and safety tape on and around the job sites. Such duties entitle Plaintiff.

25. Even on job sites that are not public works, CE Solutions failed to pay Plaintiff overtime wages at time and a half.

**CE Solutions Employed Plaintiff**

26. At all relevant times, CE Solutions has maintained control, oversight, and direction over Plaintiff, including, but not limited to, supervising and directing his work, keeping employment records, and providing the materials and equipment for Plaintiff to perform his job. At all relevant times, CE Solutions applies the same employment policies, practices, and procedures to all Flaggers in its operation, including policies, practice and procedures with respect to payment of wages.

27. CE Solutions sets the work schedule for Plaintiff, including the start and end times and the geographic location. During his tenure with CE Solutions, Plaintiff has worked on sites in the Bronx, Queens and Westchester County. Typically, a CE Solutions supervisor will inform Plaintiff to meet at a specific yard, or parking lot, at a set time. For the past two years, Plaintiff routinely has been called to the yard located at 20 Welcher Avenue in Peekskill, New York. Plaintiff drives his own vehicle to the yard. In the yard, Plaintiff wait for instruction and directions to the work site. Plaintiff drives his own vehicle to the work sites. Once a Flagger reports to the yard, they are required to perform at least a twelve hour shift and must be available for a minimum of twelve hours. Sometimes the shifts can be longer.

28. For the past six months, CE Solutions has kept track of the time logged by Plaintiff via an App. Plaintiff is required to log in on the App when he receives the address for the first work site of the day and to log out of the App once the job is finished, either at the yard or the job location. Prior to using the App to record time, Plaintiff submitted timesheets at the end of each day to an email address provided by CE Solutions.

29. Plaintiff is required to follow standard company policies and procedures for performing his work.

30. CE Solutions requires Plaintiff to wear standard uniforms, which consists of jeans, steel toe boots, a hard hat, vest and a hand-held radio to communicate with a partner on another side of the job, as well as a "Stop/Slow" sign and "Flagger Ahead" sign. CE Solutions provided Plaintiff with the hard hat, vest and handheld radio when he started working with CE Solutions. Plaintiff has been required to buy the necessary jeans and steel-toe boots with his own money.

31. CE Solutions provides Plaintiff with all of the equipment necessary to perform his job duties, including flags, cones and signage.

32. Plaintiff was not provided with a contract to perform work for CE Solutions and can be hired and fired at will. In other words, Plaintiff is treated as an employee at will.

33. That CE Solutions has misclassified Plaintiff is further demonstrated by the following:

a. Defendant instructs Plaintiff when the work was to be completed, where the work was to be performed and how the work was to be performed.

b. Defendant provided Plaintiff with mandatory training at CE Solutions.

c. Defendant established the rate of pay for Plaintiff.

d. Defendant requires Plaintiff to attend meetings at CE Solutions, to report to work at a specific time and to work a set minimum number of hours each shift.

e. Plaintiff is essentially prohibited from performing similar services for other companies that compete with the business of CE Solutions while working for CE Solutions because the Flaggers are not informed how long a shift will last at a specific site.

f. Plaintiff can be terminated or suspended by CE Solutions, especially if he receives complaints from the contractors performing the repairs.

34. Plaintiff was "non- exempt" employee under the state and federal wage and hour law, as nothing about his pay, title, duties, or anything else qualifies him for any exemption under state or federal law. Non- exempt employees are entitled to a minimum wage for all hours worked and for overtime wages for all hours worked over 40 per week.

35. Plaintiff was not paid overtime wages for the hours they worked over 40 per week.

36. The exact amounts Plaintiff pay was deficient of overtime pay in each given week during his employment can be determined in part by Defendant's pay records.

**The Public Works Contracts**

37. Upon information and belief, CE Solutions has entered into certain contracts, as either a subcontractor for Con Edison or a prime contractor, with public agencies to provide flagging and other construction work, including such work on New York City roadways and Westchester County roadways, or with prime contractors not currently known, to furnish labor, material, and equipment to perform such work, including that on New York City roadways and Westchester County roadways (the "Public Works Contracts").

38. Upon information and belief, the Public Works Contracts obligated CE Solutions to pay Plaintiff at or above the local prevailing wage rates, including any required supplemental benefits and overtime premiums for hours worked in excess of forty (40) hours per weeks, eight (8) hours per day, hours worked on Saturday and Sunday and hours worked during the evening. CE Solutions' failure to pay Plaintiff proper prevailing wage rates, supplemental benefits, and overtime premiums, was a corporate policy that applied to all Flaggers.

39. As employee of CE Solutions who was assigned to work on publicly- financed

projects, Plaintiff was intended third-party beneficiaries of Defendant's Public Works Contracts.

40. As required by law, a schedule concerning the prevailing rates of wages and supplemental benefits ("prevailing wage schedules") to be paid to Plaintiff should have been annexed to and formed a part of the Public Works Contracts. If not annexed to the Public Works Contracts, these schedules were expressly or impliedly incorporated in the contracts as a matter of law and/or public policy.

41. The promise to pay and ensure payment of the prevailing wage and supplemental benefit rate stated in the Public Works Contracts was made for the benefit of all workers, who like Plaintiff, have furnished labor on behalf of government agencies on the New York City roadways and Westchester County roadways. As such, Plaintiff and the other workers furnishing labor on New York City roadways and Westchester County roadways are the beneficiaries of that promise and the contracts entered into between CE Solutions and the government agencies.

42. In furtherance of the Public Works Contracts entered into by CE Solutions, Plaintiff and the other Flaggers performing flagging tasks, including, but not limited to, directing the flow of construction equipment and workers, and setting up barrier and safety tape on and around the construction job sites.

43. In accordance with prevailing wage rates, Plaintiff working for CE Solutions should have been paid, but was not paid, for his work on Public Works Contracts with New York City as follows:

a. July 1, 2016 through June 30, 2017: $41.48 plus $38.95 in supplemental benefits per hour;

b. July 1, 2017 through June 30, 2018: $41.98 plus $40.98 in supplemental benefits per hour;

c. July 1, 2018 though June 30, 2019: $42.98 plus $$43.01 in supplemental benefits per hour;

d. July 1, 2019 through June 30, 2020: $42.98 plus $44.86 in supplemental benefits per hour;

e. July 1, 2020 through June 30, 2021: $43.48 plus $46.71 in supplemental benefits per hour; and

f. July 1, 2021 through June 30, 2022: $43.98 plus $48.51 in supplemental benefits per hour.

44. Similarly, in accordance with prevailing wage rates, Plaintiff working for CE Solutions should have been paid but was not paid, for his work on Public Works Contracts with Westchester County at the historical prevailing wage rates and the current prevailing wage rate, which is $38.33 per hour as of July 1, 2022.

## INDIVIDUAL ACTION ALLEGATIONS

45. Plaintiff incorporates by reference the foregoing allegations as if set forth herein,

46. Plaintiff brings this action individually and as a representative for an FLSA.

## COUNT ONE
**Violation of Fair Labor Standards Act ("FLSA")**
**(Overtime Violations Brought On Behalf of Plaintiff)**

47. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48. Defendant CE Solutions is an "employer" covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

49. As an employee of Defendant, Plaintiff has worked in excess of forty (40) hours per week and was not paid overtime wages at time and a half for those excess hours. Instead, Plaintiff was paid $16.00 per hour for all hours worked.

50. Plaintiff do not qualify for any exemption from the minimum wage and overtime obligations imposed by the FLSA.

51. Throughout Plaintiff's employment, Defendant has known that Plaintiff was an employee – not independent contracts – and have known that Plaintiff is not exempt from the wage and overtime obligations imposed by the FLSA. Defendant has known that it is required to pay Plaintiff overtime wages at the rate of time and a half for hours worked over forty (40)

hours in any week. In spite of such knowledge, Defendant willfully withheld and failed to pay overtime compensation to which Plaintiff is entitled.

52. Pursuant to the FLSA, Plaintiff is entitled to at least overtime wages at a rate of one and one-half times his hourly wage for all hours worked in excess of forty.

(40) hours per week. Because Defendant's failure to pay such overtime wages is willful pursuant to 28 U.S.C. § 255(a), Plaintiff is entitled to overtime wages dating back two years.

53. The exact amount of overtime compensation that Defendant has failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

54. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review his records of hours worked to determine the exact amount of overtime and minimum wages owed by Defendant. Absent Defendant keeping these records as required by law, Plaintiff is entitled to submit his information about the number of hours worked.

55. Defendant's failure to pay Plaintiff compensation in accordance with the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of the FLSA. Therefore, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

56. Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay proper compensation. As such, Plaintiff is entitled to attorneys' fees and costs incurred pursuant to 28 U.S.C. § 216(b).

**COUNT TWO**
**Violation of the New York Labor Law**
**(Overtime Violations Brought On Behalf of Plaintiff)**

57. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58. Defendant is an employer covered by the New York Labor Law.

59. As employees for Defendant, Plaintiff was not paid at a rate of time and a half for all hours worked in excess of forty hours per week.

60. Plaintiff do not qualify for any exemption from the overtime requirements of the New York Labor Law.

61. The exact amount of compensation, including overtime compensation that Defendants have failed to pay the Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants, or were not kept by Defendants.

62. The New York Labor Law requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review his records of hours worked to determine the exact amount of overtime wages owed by Defendant. Absent Defendant's keeping these records as required by law, Plaintiff is entitled to submit his information about the number of hours worked.

63. Defendant's failure to pay overtime was willful within the meaning of N.Y. Labor Law § 663 and supporting regulations of the New York State Department of Labor.

64. As a result of Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages in an amount to be determined at trial, plus liquidated damages.

**COUNT THREE**
**Violation of the New York Labor Law**
**(Failure to Provide Wage Notice Brought On Behalf of Plaintiff)**

65. Plaintiff incorporates the foregoing allegations as if fully

66. Defendant has failed to supply Plaintiff with a proper time of hire wage notice as required by NYLL, Article 6, § 195(1), in English or in the language identified as his primary language, containing, among other items: the rate or rates of pay and the basis thereof, whether

paid by the hour, shift day, week, salary, piece, commission or other, allowances, if any, claimed as part of the minimum wage, the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

67. Due to Defendant's violation of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide him with wage notices, or a total of five thousand dollars each, as well as reasonable attorney's fees and costs provided for by the NYLL, Article 6, § 198(1-b).

**COUNT FOUR**
**Violation of the New York Labor Law**
**(Failure to Provide Accurate Wage Statements Brought On Behalf of Plaintiff)**

68. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

69. Defendant failed to supply Plaintiff with an accurate statement of wages with every payment of wages as required by the NYLL, Article 6, § 195(3), listing dates of work covered by that payment of wages; name of employee, name of employer, address and phone of employer, rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

70. Due to Defendant's violations of NYLL § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendant failed to provide him with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorney's fees and costs as provided for by NYLL, Article 6, § 198.

**COUNT FIVE**
**Violations of the NYLL: Unreimbursed Business Expenses**
**(Brought on Behalf of Plaintiff)**

71. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

72. The NYLL and applicable regulations, including 12 N.Y.C.R.R. § 146-2.7(c), protect employees from incurring expenses in the course of their employment that result in the employee's rate of pay falling below the applicable minimum wage rate.

73. Plaintiff incurred expenses including gas, mileage, tolls and vehicle maintenance in the use of his personal vehicle in the course of his employment, as required by Defendant, and also incurred additional expenses for the purchase of certain items required by Defendant for his work uniform, including, but not limited to, jeans and steel toed boots. These expenses brought the wages of Plaintiff's below the applicable New York minimum wage rate.

74. CE Solutions failed to reimburse Plaintiff for these expenses.

75. As a result of CE Solutions' failure to reimburse Plaintiff for all business expenses that it required Plaintiff to incur, CE Solutions has violated, *inter alia*, 12 N.Y.C.R.R. § 146-2.7(c). Plaintiff has suffered damages as a result.

**COUNT SIX**
**Breach of Contract**
**(Brought on Behalf of Plaintiff)**

76. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

77. Upon information and belief, CE Solutions entered into valid and binding contract with the City of New York and the County of Westchester, and/or entered into subcontracts with the contractors for the City of New York and County of Westchester, to provide construction services for Public Works Contracts. Pursuant to these Public Works contracts and subcontracts, CE Solutions provided Flaggers, including Plaintiff, for these projects.

78. The Public Works Contracts required the contractors and/or subcontractors to pay

prevailing wages and supplemental benefits to all laborers, workers and mechanics working on the public works sites.

79. The Public Works Contracts incorporated all requirements of the NYLL, including, but not limited to, the payment of prevailing wages under NYLL, § 220.

80. As such, the Public Works Contracts intended, *inter alia*, for the payment of prevailing wages and supplemental benefits as a benefit for all laborers, workers, and mechanics who worked on the public work sites, including Plaintiff.

81. This benefit to laborers was immediate, rather than incidental, and a material term of the Public Works Contracts.

82. CE Solutions breached its Public Works Contracts with the City of New York and with the County of Westchester, and/or its subcontractor agreements with the primary contractor, by failing to ensure that Plaintiff received prevailing wages and supplemental benefits for all hours worked on public work sites.

83. As a result of CE Solution's breaches, Plaintiff is entitled to recover his unpaid prevailing wages and supplemental benefits, interest, liquidated damages, and attorney's fees and costs in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, respectfully requests this Court grant the following relief:

A. Unpaid overtime wages, and an additional and equal amount of liquidated damages, pursuant to the FLSA;

B. Unpaid overtime wages, minimum wages, business expense reimbursements, and liquidated damages permitted by law pursuant to the NYLL;

C. An award of monetary damages to be proven at trial for all unpaid prevailing wages and supplemental benefits owed to Plaintiff;

D. Liquidated damages;

E. Statutory penalties of fifty dollars for each workday that Defendant failed to provide Plaintiff with proper time of hire/annual wage notices, or a total of five thousand dollars each, as provided by NYLL, Article 6, § 198;

F. Statutory penalties of two hundred and fifty dollars for each workday that Defendant failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6, §198.

G. Prejudgment and post-judgment interest;

H. Reasonable attorney's fees and costs of the action; and

I. Such other relief as this Court shall deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: January 12, 2023
New York, New York

By:

Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
*Attorneys for Plaintiff*